(C. D. 629)

J. A. Forrest v. United States

United States Customs Court, Third Division

(Decided May 6, 1942)

*Barnes, Richardson and Colburn* (*Joseph Schwartz* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*James F. Donnelly* and *Alfred A. Taylor, Jr.*, special attorneys), for the defendant.

Before Cline, Keefe, and Ekwall, Judges

Cline, Judge: This is a suit against the United States in which the plaintiff seeks to recover a part of the duty assessed on certain oat products which were classified by the collector under paragraph 726 of the Tariff Act of 1930. There are several claims in the protest but the only one upon which plaintiff relies is that the merchandise assessed at 16 cents per bushel of 32 pounds or at 80 cents per 100 pounds under said paragraph is dutiable at 20 per centum ad valorem as an article, not enumerated, manufactured in whole or in part, under paragraph 1558.

The provision under which duty was assessed reads as follows:

Par. 726. Oats, hulled or unhulled, 16 cents per bushel of thirty-two pounds; unhulled ground oats, 45 cents per one hundred pounds; oatmeal, rolled oats, oat grits, and similar oat products, 80 cents per one hundred pounds.

The case is now before the court on rehearing. It was decided in *J. A. Forrest* v. *United States*, 4 Cust. Ct. 467, Abstract 43637. That decision was based upon a written stipulation to the effect that the merchandise represented by the items marked on the invoice with the letter A was in all material respects the same as that passed upon in *C. J. Tower & Sons* v. *United States*, 25 C. C. P. A. (Customs) 408, T. D. 49486, and *F. A. Forrest* v. *United States*, 2 Cust. Ct. 425, C. D. 169. Upon the authority of the decisions cited, the court held that all of the merchandise represented by the items marked A on the invoice was dutiable at 20 per centum ad valorem under paragraph 1558.

Within the statutory time after the promulgation of that decision, counsel for the Government filed an application for rehearing and alleged that he received a letter from the United States appraiser at Buffalo stating that his certification to the facts in the stipulation was in error concerning the merchandise assessed at 16 cents per bushel and the defendant prayed that the application for rehearing be granted so that the error could be corrected. Counsel for the plaintiff made no objection to the application for rehearing which was granted.

When the case was called for trial on rehearing the parties disregarded the written stipulation filed and entered into a new stipulation in open court by which it was agreed "that merchandise described as Fdg. rolled oats, feeding rolled oats, and ground oat groats, assessed at 80 cents per 100 pounds, is similar in all material respects to the merchandise in *C. J. Tower & Sons* v. *United States*, 25 C. C. P. A. 408, T. D. 49486, and *Forrest* v. *United States*, C. D. 169" and the records in the cases cited were incorporated and made a part of the record in this case. On the authority of the decisions cited, we sustain the protest claim that the merchandise described in the oral stipulation above quoted is dutiable at 20 per centum ad valorem under paragraph 1558 of the Tariff Act of 1930. To that extent, judgment will be entered in favor of the plaintiff.

With reference to the items in dispute assessed at 16 cents per bushel of 32 pounds, the parties stipulated as follows:

Mr. DONNELLY. The Government offers to stipulate that merchandise described on the invoices and entries involved herein as steel cut groats, whole oat groats, whole feeding oat groats, and steel cut oat groats, consists of hulled oats, known as feeding oats, not fit for human consumption.

Mr. SCHWARTZ. We so agree.

The plaintiff contends that the merchandise described in the above oral stipulation, which was assessed at 16 cents per bushel, is not dutiable under the provision under which it was assessed because it is

not fit for human consumption, citing *C. J. Tower & Sons* v. *United States, supra,* and *F. A. Forrest* v. *United States, supra.*

The defendant contends that the merchandise is not of the same character as that covered by the decisions cited and was not assessed under the provisions which the courts construed and therefore the classification thereof is not governed by the rule announced in those decisions.

The only question involved seems to be whether the merchandise is excluded from the provision for "oats, hulled or unhulled" because it is not fit for human consumption.

An examination of the decision in *C. J. Tower & Sons* v. *United States, supra,* shows that the merchandise in that case, invoiced as "ground oat groats," was assessed by the collector as an article, not enumerated, manufactured in whole or in part, at 20 per centum ad valorem under paragraph 1558. The plaintiff claimed that it was dutiable by similitude as "bran, shorts, byproduct feeds obtained in milling wheat or other cereals" at 10 per centum ad valorem under paragraph 730 of the Tariff Act of 1930. When the case was before the trial court, counsel for the Government claimed that the merchandise was not properly classified by the collector but should have been assessed at 80 cents per 100 pounds under the provision for "oatmeal, rolled oats, oat grits, and similar oat products" in paragraph 726. The trial court held that the merchandise was within the provision suggested by the Government counsel and therefore was not dutiable under paragraph 730 by similitude as claimed by the importer and the protest was overruled without affirming the classification made by the collector. On appeal, however, the appellate court held that the merchandise was not within the provision for "oatmeal; rolled oats, oat grits, and similar oat products" in paragraph 726, basing its decision upon the evidence showing that the merchandise was not fit for human consumption. The court said at page 411:

It is our view that the oatmeal, rolled oats, oat grits, and similar oat products, made dutiable at 80 cents per 100 pounds in paragraph 726, were those which were at least suitable for human consumption. The record shows that the ground material at bar does not fall within that class of merchandise.

The court held also that the provision for "bran, shorts, byproduct feeds obtained in milling wheat or other cereals" in paragraph 730, under which the importer claimed, was not applicable and that the merchandise was dutiable at 20 per centum ad valorem as assessed by the collector. The provision for "oats, hulled or unhulled" in the first sentence of the paragraph was not considered by the court. This is shown by the following excerpt from page 412 of the court's opinion:

The merchandise involved is neither "oats, hulled or unhulled," nor unhulled ground oats. No one contends here that the merchandise falls within either of these provisions. Since we conclude, for the reasons heretofore stated, that the merchandise at bar is not oatmeal, rolled oats, oat grits, or a similar oat product, it follows that the same is not properly dutiable under said paragraph 726.

In the case of *F. A. Forrest* v. *United States, supra,* the merchandise consisted of feeding rolled oats not fit for human consumption. The collector classified it under the provision for "rolled oats" in the last provision of paragraph 726 of the Tariff Act of 1930 and assessed duty thereon at 80 cents per 100 pounds. Testimony was introduced tending to show that in trade and commerce the term "rolled oats" was limited to merchandise fit for human consumption and the court held that since the merchandise herein involved was not fit for human consumption it was not within the provision for "rolled oats" but was dutiable at 20 per centum ad valorem as an article, not enumerated, manufactured in whole or in part, under paragraph 1558.

The provision for "oats, hulled or unhulled," in the first sentence of paragraph 726 was not considered in either of the decisions cited. There is nothing in that language which indicates that the provision is restricted to commodities for human consumption. In fact, the tariff history of the provision indicates the opposite. In the Summary of Tariff Information of 1929, page 1190, schedule 7, the use of the oats in the provision is described as follows:

### OATS

Description and uses.—Approximately 85 per cent of the domestic oat crop is fed to livestock, and more particularly to horses; 4 per cent is used to make oatmeal or similar products, and the remainder is sown or exported. The oat crop is sometimes cut for hay, pastured, or turned under for fertilizer. Nearly 70 per cent of the grain is consumed on the farm where produced. The remaining 30 percent which constitutes the domestic commercial crop, exceeds in volume the commercial crop of the rest of the world. The demand for oats is very elastic, being dependent upon livestock conditions and prices of corn, hay, and other competing feedstuffs.

With this information before it, Congress could not have intended to limit the provision to products for human consumption. If it had so intended, it would have used words which would have definitely signified that intent.

The record shows that the merchandise assessed at 16 cents per bushel consists of "hulled oats known as feeding oats" and we hold that it was properly classified by the collector under the provision for "oats, hulled or unhulled" in paragraph 726. The claim that said

merchandise is dutiable at 20 per centum ad valorem under paragraph 1558. is overruled.

Judgment will be entered sustaining the claim that the merchandise invoiced as "fdg rolled oats," "Feeding rolled oats," and "Ground oat groats," assessed at 80 cents per 100 pounds under paragraph 726, is dutiable at 20 per centum ad valorem under paragraph 1558.

As to all other merchandise and in all other respects, the protest is overruled.