**No. 60296.**—Clarence S. Holmes v. United States, protest 220377–K (Seattle).

Donlon, Judge: On trial, the description of the merchandise, subject of this protest, was stipulated as follows:

* * * oats, recleaned, rolled, unhulled, and unfit for human consumption. (R. 2.)

This merchandise, described in the invoice as "recleaned #2 C. W. Oats, not further manufactured than Rolled, unfit for human consumption, for livestock feeding," was classified by the collector under paragraph 1558 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, T. D. 52739, as a nonenumerated manufactured article, duti-

able at 10 per centum ad valorem. The merchandise had been entered under paragraph 726, with claim that duty should be charged at 4 cents per bushel of 32 pounds. There is nothing in the record or the briefs that illuminates the point, but it seems evident that the entry claim, as well as the claim on protest, is that this merchandise ought to be classified under the first clause of paragraph 726, "Oats, hulled or unhulled," duty on which was reduced from 16 cents to 4 cents per bushel of 32 pounds by the General Agreement on Tariffs and Trade, T. D. 51802.

The official papers were not put into evidence. No evidence was adduced by either party. Both parties requested, and were granted, 60 days for the filing of briefs, and briefs were filed. Plaintiff's brief cites, in a single paragraph of argument, only one case on which plaintiff relies to support his contention. That case is cited also by the defendant as authority for its position.

We are of opinion that plaintiff has not borne its burden of proof. The authority cited, *J. A. Forrest* v. *United States*, 8 Cust. Ct. 321, C. D. 629, does not support plaintiff's claim. The merchandise there in issue was differently described. Here, the record, as stipulated, shows that these oats were rolled. There is nothing to indicate that the oats in the *Forrest* case, *supra*, were.

The three clauses in paragraph 726 seem intended to describe oats in three different phases of processing or manufacture: First, oats that are hulled or unhulled, but nothing more; second, oats that, although unhulled, have been ground; and, third, various oat products, including oatmeal, rolled oats, oat grits, etc.

The merchandise before us was cleaned and recleaned; it was also rolled.

In *F. A. Forrest* v. *United States*, 2 Cust. Ct. 425, C. D. 169, we held that oats which had been "rolled" and which were not fit for human consumption were properly classified, not under paragraph 726, as plaintiff here claims, but under paragraph 1558. Nothing in the second *Forrest* case, C. D. 629, indicates that the court intended to overrule its earlier decision. Nothing has been presented to us now, either by way of record or argument, that either distinguishes the first *Forrest* decision or persuades us that it was in error.

The protest is overruled. Judgment will be entered accordingly.